UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

|  |  |  |
|---|---|---|
| ASSOCIATION OF AMERICAN RAILROADS, | ) ) ) | |
| Plaintiff, | ) ) ) | Civil No. 3:18-cv-00028-GFVT |
| V. | ) ) ) | **MEMORANDUM OPINION** |
| ATTORNEY GENERAL ANDY BESHEAR, *in his Official Capacity as the Attorney General of the Commonwealth of Kentucky*, *et al.*, | ) ) ) ) | **&** **ORDER** |
| Defendants. | | |

*** *** *** ***

**I**

Kentuckians are upset. [R. 22-1 at 3.] They believe that delays caused by trains idling in railroad crossings are putting their lives at risk. *Id.* So, local law enforcement officials have been tasked with cracking down on the amount of time trains remain in a railroad crossing by enforcing KRS 277.200 and 525.140. *Id.* at 2-3. The only subject of those enforcement efforts—Norfolk Southern—has challenged the constitutionality of its conviction during the state court proceedings. *Id.* at 2.

Now, in the wake of those convictions, the largest railroad advocacy group, the Association of American Railroads, has turned to this Court to enjoin further prosecutions for rail crossing violations. [R. 1.] As grounds, AAR claims that the extensive regulation found in the Federal Railroad Safety Act and the I.C.C. Termination Act preempts the Kentucky statutes. *Id.* In response, the Defendants argue that: AAR lacks the ability to sue; this Court should abstain from hearing the case; the case has already been decided; the Defendants are immune

from suit; and the necessary parties have not been named. [R. 22-1.] They are wrong on all counts and AAR will get its day in court.

## II

## A

Federal Rule of Civil Procedure 12(b)(1) provides that a defendant may assert lack of subject-matter jurisdiction as a defense. Fed.R.Civ.P. 12(b)(1). A motion to dismiss under Rule 12(b)(1) is different than a motion to dismiss under Rule 12(b)(6) because it challenges the Court's power to hear the case before it. When jurisdiction is challenged under this rule, the burden is on the plaintiff to prove that jurisdiction exists. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). In answering this question, the Court is "empowered to resolve factual disputes" and need not presume that either parties' factual allegations are true. *Id.*

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000) ). The Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ). *See also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009).

**B**

The Defendants claim AAR has no standing to sue for three reasons: (1) neither the
FRSA or the ICCTA provides a private right of action; (2) AAR does not have standing; and (3)
the case is not ripe. Each of these allegations is incorrect. The Court explains each in turn.

**1**

AAR does not need a private right of action because it is not suing under the FRSA or the
ICCTA. Instead, it is suing to enforce the Supremacy Clause of the Constitution. And "it is
beyond dispute that federal courts have jurisdiction over suits to enjoin state officials from
interfering with federal rights" unless that statute expressly removes jurisdiction. *Shaw v. Delta
Air Lines, Inc.*, 463 U.S. 85, 96 n. 14 (1983); *see also Verizon Maryland, Inc. v. Public Service
Commission of Maryland*, 535 U.S. 635 (2002) (holding that a private right of action is
unnecessary where the plaintiff seeks declaratory and injunctive relief on the bases of the
Supremacy Clause). It is beyond dispute that neither act removes jurisdiction[1]. *CSX Transp.,
Inc. v. City of Plymouth* (Plymouth I), 86 F.3d 626 (6th Cir. 1996); *CSX Transp., Inc. v. City of
Plymouth* (Plymouth II), 283 F.3d 812 (6th Cir. 2002).

**2**

AAR has associational standing to raise the claims of its members. *Int'l Union v. Brock*,
477 U.S. 274, 281 (1986) ("Even in the absence of injury to itself, an association may have
standing solely as the representative of its members"). All AAR must show is that: (1) one of its
members would have standing to sue in its own right; (2) the relief it seeks is germane to its
purpose; and (3) none of its members need to participate in their individual capacity. *Hunt v.
Washington State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977).

---

[1] The Defendants' reliance on *Hampton* is misplaced. *Hampton v. R.J. Corman R.R. Switching Co.*, 683 F.3d 708
(6th Cir. 2012). That case only speaks to the burden of demonstrating a federal question in the context of removal.

At least one member of the AAR would have standing to sue on its own accord.[2] That

member, Norfolk Southern, has been cited under KRS 277.200 and 525.140 for blocking rail

crossings for more than five minutes. [R. 1.] Norfolk Southern intends to continue operating

trains in Pulaski and McCreary Counties in the same manner for which it was cited. Without the

Defendants attestations that it does not plan to enforce those statutes, AAR has met its burden of

showing its member is likely subject to future criminal liability. *Susan B. Anthony List v.

Driehaus*, 134 S. Ct. 2334, 2342 (2014) ("A plaintiff satisfies the injury-in-fact requirement

where he alleges 'an intention to engage in a course of conduct arguably affected with a

constitutional interest, but proscribed by a statute, and there exists a credible threat of

prosecution thereunder'"); *compare City of Los Angeles v. Lyons*, 461 U.S. 95, 107 n. 8 (1983)

(holding that a plaintiff did not show himself likely to be put in a chokehold by the police again).

And, an injunction against the enforcement of rail crossing regulations is germane to

AAR's purpose. AAR's exists to advocate for the nation's major freight railroads. And,

according to the complaint, the enforcement of cross blocking statutes is inhibiting its members

from operating fluidly across the country's railways. Therefore, if AAR is granted an injunction,

then its members would benefit in the form of enhanced flexibility across Kentucky's railroads.

Nor does AAR's claim require additional participants. Although AAR's complaint

highlights the enforcement of the statutes against Norfolk Southern, Norfolk Southern is not a

necessary participant. At bottom, AAR's claim is that under no set of facts would Kentucky's

statutes be constitutional. By nature, then, an individual party's involvement is unnecessary. If

AAR wins, then Norfolk Southern will inevitably benefit. *Hunt*, 432 U.S. at 342 (holding that an

association has standing when the relief will benefit its members).

---

[2] Res judicata claim is resolved Section II.D.

Separately, AAR is firmly within the "zone of interests" of the FRSA and the ICCTA.

Plaintiffs, including associations, must only show that they are arguably protected or regulated

by the statutory provision invoked by the suit. *See Bennett v. Spear*, 520 U.S. 154, 162 (1997);

*Clarke v. Sec. Indus. Ass'n*, 479 U.S. 388, 399-400 (1987); *see also Am. Chiropractic Ass'n v.*

*Leavitt*, 431 F.3d 812, 815 (D.C. Cir. 2005) (organizations must prove nothing more than an

individual plaintiff). Congress passed the FRSA and the ICCTA, in part, to prevent inconsistent

rules for rail operation across the fifty different states. Here, AAR alleges that both Kentucky

statutes conflict with that aim for uniformity. Therefore, this suit fits squarely within the

interests of the FRSA and the ICCTA.

**3**

Notwithstanding the state court proceedings against Norfolk Southern, AAR's case is

ripe. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 373 (1989).

If "a case is anchored in future events that may not occur as anticipated, or at all," then that case

is not ripe for review. *City Commc'ns, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir.

1989). But here, enforcement is not a hypothetical. The Defendants have already enforced the

rail crossing statutes and have not disputed that they will continue to do so. Moreover, this case

would not benefit from additional fact development. Indeed, the opposite is true—any delay in

review would work an unfair hardship on AAR. *Kardules v. City of Columbus*, 95 F.3d 1335,

1344 (6th Cir. 1996).

**C**

The Defendants also claim that this Court is either required to or should abstain from

hearing AAR's case in deference to the state court. However, only in exceptional circumstances

should this Court refuse "to decide a case in deference to the States." *New Orleans Pub. Serv.*,

491 U.S. at 368.  This is not one of those rare cases.  None of the doctrines, including: (1)

*Pullman* abstention; (2) *Younger* abstention; (3) *Rooker-Feldman* doctrine; or (4) *Heck* rule,

support this Court abandoning its duty to review this claim.

**1**

Since the statutes challenged by AAR are clear, *Pullman* abstention does not apply.

*Hunter v. Hamilton Cty. Bd. Of Elections*, 635 F.3d 219, 233 (6th Cir. 2011).  Without reaching

the merits, there is no clarification of the statute, other than invalidation, that would preclude the

need for a determination of the federal question.  Far from respectful of state courts, it would be

wasteful of their resources to abstain from hearing this case.

**2**

Because AAR is only seeking prospective relief, neither *Younger* abstention nor the

*Rooker-Feldman* doctrine are a bar to review.  The Court considers both below.

Indeed, *Younger* only prohibits this Court from staying or enjoining a pending state court

proceeding.[3]  401 U.S. 37, 41 (1971).  But a ruling by this Court granting injunctive relief would

not be binding on the state court considering citations against Norfolk Southern.  *See A.A. ex rel*

*Lewis v. Shutts*, 516 S.W. 3d 343, 349 (Ky. Ct. App. 2017).  That a ruling might be persuasive

authority does not then permit this Court to shut the courthouse doors on AAR.  *Exec. Arts*

*Studio, Inc. v. City of Grand Rapids*, 391 F.3d 783, 792 (6th Cir. 2004); *New Orleans Pub. Serv.*,

491 U.S. at 373.

Likewise, *Rooker-Feldman* doctrine only prevents the reversal or modification of a state

court judgment by lower federal courts.  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544

---

[3] In any event, where the case presents facially conclusive claims about federal preemption, abstention is not required. *Bunning v. Com. of Ky.*, 42 F.3d 1008, 1011 (6th Cir. 1994); *Norfolk & W. Ry. Co. v. Pub. Utils. Comm'n of Ohio*, 926 F.2d 567, 573 (6th Cir. 1991).  Exactly AAR's claim.

U.S. 280, 284, 292 (2005).  By its terms, *Rooker-Feldman* does not bar actions which seek only prospective relief.  *Berry v. Schmitt*, 688 F.3d 290, 300 (6th Cir. 2012).  And that is the only relief that AAR seeks.  Moreover, *Rooker-Feldman* also only applies to a state court loser.  And, AAR was not a state court loser.  *See* Section II.D.

**3**

The Defendants' claim that *Heck's* rule bars AAR from demonstrating the invalidity of a criminal prosecution is equally meritless.  *Heck v. Humphrey*, 512 U.S. 477 (1994).  Supreme Court precedent makes plain the propriety of AAR's challenge to Kentucky's statutes.  *See Ex Parte Young*, 209 U.S. 123 (1908); *Wooley v. Maynard*, 430 U.S. 705, 707-08 (allowing the plaintiff to seek prospective relief in federal court despite being previously convicted in state court).

**D**

This Court is required "to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so."  *Allen v. McCurry*, 449 U.S. 90, 96 (1980).  But neither claim nor issue preclusion[4] bars AAR's claims.

Claim preclusion "bars a party from re-litigating a previously adjudicated cause of action and entirely bars a new lawsuit on the same cause of action."  *Yeoman v. Commonwealth of Ky., Health Policy Bd.*, 983 S.W.2d 459, 465 (Ky. 1998).  To invoke claim preclusion a defendant must show: (1) identity of the parties; (2) identity of the cause of action; and (3) the previous action was resolved on the merits."  *Id.*  But actual identity of the parties is not required.  *Id.* Instead, a defendant who was a non-party to the previous suit must only show that they are "in

---

[4] Having failed to show an identity of parties, the Defendants cannot take advantage of issue preclusion to bar AAR's claim.  There is no understanding of offensive or defensive collateral estoppel by which an entirely new plaintiff, without identity, can be restrained by a prior ruling.  That party must be given a full and fair opportunity to litigate its claim.

privity with a party from the prior suit such that the [. . .] public interest in bringing an end to litigation and the individual's interest in freedom from multiple and vexatious litigation of the same cause—are served." *Wayne County Hosp., Inc., v. Jakobson*, 567 Fed.Appx. 314 (6th Cir. 2014) (citing *BTC Leasing Inc. v. Martin*, 685 S.W.2d 191, 197-98 (Ky.Ct.App. 1984).

The Defendants have failed to show either actual identity or privity between AAR and Norfolk Southern. That AAR operates in a representational capacity for Norfolk Southern and has similar aims is not enough. *Ethnic Employees of Library of Congress v. Boorstin*, 751 F.2d 1405, 1410 (D.C. Cir. 1985).

### E

The Defendants' claim to prosecutorial immunity is easily dispensed. Such immunity only applies to suits for damages not injunctive relief. *Supreme Court of Virginia v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 736 (1980); *Ex Parte Young*, 209 U.S. at 160. Since the only relief that AAR seeks is prospective; that relief is properly sought here.

### F

No additional parties are required. A decision on the merits, whether the statutes are constitutional or not, will impart full relief. That is enough. *Foster v. Digler*, 2010 WL 4320388, *3 (E.D. Ky. 2010) (a court need not include every party that may have an interest).

### III

The Court does not address the merits of the case; that is a decision for another day. However, the Plaintiff has established jurisdiction for this Court to hear the case and no abstention is required. Accordingly, and being sufficiently advised, the Defendants' Motion to Dismiss [R. 22.] is **DENIED**. AAR's motion to file a sur-reply [R. 29] is **DENIED** as moot.

This the 26th day of March, 2019.

Gregory F. Van Tatenhove
United States District Judge